Costello v. Kottas.

MARY COSTELLO, BY EDWARD COSTELLO, GUARDIAN, V.
W. J. KOTTAS ET AL.

FILED JUNE 15, 1897. No. 7293.

1. **Unauthenticated Bill of Exceptions.** A bill of exceptions must, in order to become a part of the record in this court, be authenticated by the certificate of the clerk of the district court.

2. **Instructions: REPETITIONS.** It is not error to refuse instructions requested when given in substantially the same language by the court on its own motion.

3. ———: EXCEPTIONS: REVIEW. Error cannot in this court be predicated upon the giving or refusing of instructions to which no exception was taken in the trial court.

ERROR from the district court of Fillmore county. Tried below before HASTINGS, J. *Affirmed.*

*Richard Cunningham,* for plaintiff in error.

*John Barsby, contra.*

POST, C. J.

The plaintiff in error, an infant, by her next friend, Edward Costello, sued the defendants in error, Vaclar Kottas, Joseph Ondrak, Frank Rohla, and Frank Kabel, in the district court of Fillmore county upon the bond of Kottas & Ondrak, as licensed saloon-keepers, the cause of action alleged being the sale by the defendants last named of intoxicating liquors to Daniel Costello, plaintiff's father, to her damage, etc. The defendants, by their joint answer, admitted that Kottas & Ondrak were engaged in business as licensed saloon-keepers as charged, and denied each and every other allegation of the petition. There was a trial below, resulting in a verdict and judgment for the defendants, from which the plaintiff prosecutes error.

The several assignments which relate to the sufficiency of the evidence and alleged errors in the admission and

rejection of evidence must be ignored, since the document which accompanies the transcript, entitled a "bill of exceptions," is not authenticated by the certificate of the clerk of the district court. The other assignments of the motion for a new trial relate to the giving and refusing of instructions as follows:

"4. The court erred in refusing to give the instructions asked by the plaintiff.

"5. The court erred in refusing to give the instructions asked by the defendants.

"6. The court erred in giving the eighth instruction."

We observe, by a reference to the transcript, that the plaintiff requested four separate instructions which had, in substance, been given by the court on its own motion. It follows that there is no error in the refusing plaintiff's requests. Respecting the instructions to which reference is made in assignments numbered 5 and 6, it may be observed that the record discloses no exception thereto; hence they will not be examined in this proceeding. There is no error in the record and the judgment will be

AFFIRMED.